IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TIAJUANA FINLEY,

    Plaintiff,

vs.                                  No. 13-2765-JDT-dkv

SHELBY COUNTY SCHOOLS,
MR. JENKINS, MR. GRANT,
and COREY DICKERSON

    Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On October 1, 2013, the plaintiff, Tiajuana Finley, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (D.E. 1 & 2.) On October 2, 2013, the court issued an order granting Finley's motion for leave to proceed *in forma pauperis*. (D.E. 4.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

In her complaint, Finley states that "Shelby County School has violated my child [sic] civil right to his education. My son was

violated by two of Shelby County School teacher [sic], Mr. Jenkins and Mr. Grant, for abuse and emotional stress. My son is currently not in school. He is still under doctor care. My son is disable [sic] and Shelby County School [sic] failure to provide services to my child with disabilities and because of that abuse my child went thru. He is [sic] emotional stress and having problem because he [sic] not learning and not in school because of this. They violated my son [sate] S.A.T.E." (Compl., D.E. 1 § IV.)

Named as defendants are Shelby County School, Mr. Jenkins, Mr. Grant, and Mr. Corey Dickerson. It appears from the complaint that Tiajuana Finley is the mother of an unnamed student in Shelby County Schools, and she is seeking "compensation for my son through the abuse and emotional stress, and not treated to a fair education." (Compl., D.E. 1 § V.)

II. PROPOSED CONCLUSIONS OF LAW

A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

(I)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

>    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Because Finley has been granted leave to proceed *in forma pauperis*, (D.E. 4), this report and recommendation will constitute the court's screening as to her claims against the defendants.

B.  <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A

complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542

4

U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Subject-Matter Jurisdiction</u>

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1.

5

Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g.*, *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("A court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The complaint contains no jurisdictional allegations, but it is a court-supplied complaint form styled as one under 42 U.S.C. § 1983. This is sufficient to confer federal-question jurisdiction on the court.

D. <u>Claims Under 42 U.S.C. § 1983</u>

Using the court-supplied complaint form, Finley alleges violation of her son's civil rights under 42 U.S.C. § 1983. (Compl., D.E. 1 ¶ V.) In order "[t]o state a claim under § 1983,

6

a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

    1. *Standing*

Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).

Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only on his own claims. Only a licensed attorney may represent other persons. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969); *accord Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003)(*pro se* party may not prosecute a wrongful death action on behalf of other beneficiaries). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Johns v. Cnty. of San Diego*, 114 F.3d 874,

876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); *Mikeska v. Collins*, 928 F.2d 126 (5th Cir. 1991); *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989). "Similarly, parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970; *see Chochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994)("Because Virgil Cochran is not an attorney, he many represent his son in federal court.") The Sixth Circuit considers this issue one of lack of standing. *Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992).

Here, Finely is attempting to bring a claim on behalf of her son. She does not claim to be an attorney. As a non-attorney, she may appear *pro se* on her own behalf, but she cannot appear as an attorney for her son. Thus, Finley lacks standing to bring this lawsuit, and it is therefore recommended that this complaint be dismissed for failure to state a claim.

2. *Claims Against the Shelby County Schools*

Although it is not necessary to address the claims against the Shelby County Schools, because Finley lacks standing to file the lawsuit, the court will nevertheless do so. The Shelby County Schools is a division of Shelby County, Tennessee.

When a section 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.

8

*Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

A municipality "cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978)(emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988)(quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986))(emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such

9

a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)).

In the instant case, Finley has not alleged that the Shelby County Schools acted pursuant to a municipal policy or custom in causing her son's alleged harm, and nothing in the complaint demonstrates that any Shelby County Schools action occurred as a result of a policy or custom implemented or endorsed by the Shelby County. Consequently, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable section 1983 claim against the Shelby County Schools, and it is recommended that any claim under 42 U.S.C. § 1983 against the Shelby County Schools be dismissed for failure to state a claim.

3. *Claims against Jenkins and Grant*

Finley names Jenkins and Grant as defendants in the Statement of Claim section of the complaint. She identifies them as teachers and uses the title "Mr." and their last names. Finley fails to allege that the actions of Jenkins and Grant were taken while on duty as teachers in the Shelby County Schools. In other words, Finley's complaint lacks any allegations that the actions of Jenkins and Grant were under color of state law. Moreover, Finley fails to allege the date of the incident in question, and without the date the court is unable to determine if Finley's complaint is timely filed. Accordingly, it is recommended that Finley's claims

against Jenkins and Grant be dismissed for failure to state a claim.

   4.  *Claims Against Mr. Corey Dickerson*

"A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint does not allege any actions of Mr. Corey Dickerson that can be attributed to the state. Accordingly, it is recommended that any claim under 42 U.S.C. § 1983 against Dickerson be dismissed for failure to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* against the defendants for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted.

Respectfully submitted this 7th day of October, 2013.

                                   s/Diane K. Vescovo
                                   DIANE K. VESCOVO
                                   UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.